Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 418 | **DATE** | 6/25/2002 |
| **CASE TITLE** | ALLSTATE INSURANCE COMPANY vs. JANICE MATHISON, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Count II of the complaint is dismissed. NAPAA's motion to transfer venue is granted. This action is hereby transferred to the Eastern District of Michigan. Joint motion to postpone status conference is moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUN 2 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 02 JUN 25 PM 6:06 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, )<br>an Illinois corporation, )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　v. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>JANICE MATHISON, an individual; )<br>NATIONAL ASSOCIATION OF 　　　　)<br>PROFESSIONAL ALLSTATE AGENTS,)<br>INC., a New York corporation; and )<br>ASSOCIATION MANAGEMENT 　　　)<br>SPECIALISTS, LLC, 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　Defendants. 　　　　　　　　)  | Case No. 02 C 418<br><br>Hon. John W. Darrah |

**DOCKETED**

**JUN 2 6 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Allstate Insurance Company ("Allstate"), filed a five-count complaint against Defendants, Janice Mathison ("Mathison"), the National Association of Professional Allstate Agents, Inc. ("NAPAA"), and Association Management Specialists, LLC ("AMS") (collectively "Defendants"), alleging false designation of origin and false sponsorship (Count I); willful infringement (Count III); trademark dilution (Count IV) under the Lanham Act, 15 U.S.C. §§ 1114(a)(1), 1125(a)(1)(A), (c) (2002); state law claims for computer tampering (Count II); and violation of the Illinois Anti-Dilution Act (Count V).

Mathison and AMS move, pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), and (6), to dismiss for lack of personal jurisdiction, improper venue and failure to state a claim upon which relief may be granted. NAPAA moves, pursuant to Rule 12(b)(3), to dismiss for improper venue or, in the alternative, to dismiss Counts I, III, and IV, pursuant to Rule 12(b)(1), for lack of subject

29

matter jurisdiction and Counts II and V, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

For the reasons that follow, Count II is dismissed and NAPAA's motion to transfer venue is granted.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

The court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The district court must review the complaint liberally, taking as true all well-pleaded allegations and the inferences that may be drawn from them. *See Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir.

1999).

## **BACKGROUND**

For purposes of this Motion to Dismiss, the following allegations are taken as true.

Allstate is one of the largest providers of insurance products throughout the United States. Allstate has adopted and continuously used the Allstate name and the "Allstate" trademark and service mark in connection with its insurance products and services since 1931. It owns all the rights and interests in numerous United States trademark and service mark registrations ("'Allstate' marks"). The "Allstate" marks are famous throughout Illinois and the United States. Allstate is the sole owner of registration rights in the domain name "allstate.com".

Mathison, a resident of Livonia, Michigan, is the Executive Director and sole employee of NAPAA. Mathison also owns AMS, which runs NAPAA's day-to-day activities and houses its offices.

NAPAA is a non-profit New York corporation that represents the interests of Allstate independent contractor agents and consumers by lobbying state legislatures and filing lawsuits against Allstate on behalf of its membership. NAPAA solicits members and monetary contributions to its Legal Fund. NAPAA maintains a website, www.napaausa.org. On this site, NAPAA devotes a page to a practice it terms "credit scoring". This page urges insurance agents to contact their clients and ask them to oppose the use of credit scoring. A message on this page directs agents to appear, and to encourage their clients to appear, at a series of public meetings on credit scoring. NAPAA also contends that Allstate's products and services are inferior because of Allstate's alleged use of credit scoring and expends resources on lobbying Allstate independent contractor agents, government and consumer organizations to support NAPAA's opposition to credit scoring.

On October 12, 2001, Mathison, acting on behalf and with full knowledge of NAPAA and AMS, knowingly sent, from an Earthlink, Inc. e-mail account, unsolicited bulk e-mails (commonly referred to as "spam") to approximately 175 Allstate agents. The e-mails were falsely designated such that they appeared to originate from "ELiddy@allstate.com," the e-mail address of the Chief Executive Officer and Chairman of Allstate, Edward M. Liddy ("Liddy"). The e-mails referenced a "notice of public meeting on credit scoring" and urged agents receiving the e-mail to speak out against credit scoring and to recruit their clients and consumers to do the same. The fraudulent e-mails were sent from Michigan to Allstate's mail servers in this judicial district in Illinois en route to their recipients. The fraudulent e-mails were configured so that it would automatically transmit a receipt notification whenever the e-mail was opened by a recipient. These receipt notifications were sent to Liddy's e-mail account at Allstate.

The complaint also alleges that venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district, and Defendants are subject to personal jurisdiction in this district.

## DISCUSSION

Mathison and AMS move to dismiss, arguing that (1) this Court lacks personal jurisdiction over them, (2) venue is improper in the Northern District of Illinois, and (3) the complaint fails to state a claim upon which relief may be granted. NAPAA moves to dismiss, arguing lack of subject matter jurisdiction, improper venue[1], and failure to state a claim upon which relief may be granted.

---

[1] NAPAA did not object to personal jurisdiction in its motion to dismiss. Therefore, any such objection has been waived, see Fed.R.Civ.P. 12(h)(1); and NAPAA has submitted to the jurisdiction of this Court. If a defendant is a corporation, that corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c) (2002). Because NAPAA is a corporation that is subject to

-4-

Alternatively, NAPAA moves to transfer venue to the Eastern District of Michigan.

*Rule 12(b)(6)*

NAPAA argues that Count II fails to state a claim upon which relief may be granted because Illinois state law does not authorize civil actions for violation of subsection (a)(5) of section 16D-3 of the Illinois Criminal Code. The Illinois Criminal Code provides that a person commits the crime of computer tampering when he "falsifies or forges electronic mail transmission information or other routing information in any manner in connection with the transmissions of unsolicited bulk electronic mail through or into the computer network of an electronic mail service provider or its subscribers." 720 Ill. Comp. Stat. 5/16D-3(a)(5) (2002). Section 16D-3 also authorizes civil actions by those who "suffer[] loss by reason of a violation of subsection (a)(4) of this Section." § 16D-3(c).

Count II alleges that Allstate is an electronic mail service provider and that NAPAA falsified or forged e-mail transmission information or other routing information and sent the forged e-mail in bulk form in violation of section 16D-3(a)(5). (Compl. ¶¶ 54, 55, 56.) As was noted above, section 16D-3 only authorized civil actions for violations of subsection (a)(4) not subsection (a)(5). Therefore, Count II is dismissed.

NAPAA argues that Count V should be dismissed because it fails to state a claim for violation of the Illinois Anti-Dilution Act because the statute Allstate cites, 765 Ill. Comp. Stat. 1035/15 (2002), has been repealed. However, this basis does not require dismissal of Count V. The focus of whether Count V fails to state a dilution claim under Illinois law is not on whether Allstate has cited the correct statute but on "whether relief is possible under any set of facts that could be

---

personal jurisdiction in this district, venue as to NAPAA is proper in the Northern District of Illinois.

established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).

The Trademark Registration and Protection Act provides that:

> [t]he owner of a mark which is famous in this State shall be entitled . . . to an injunction against another person's commercial use of a mark or tradename, if the use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this Section.

765 Ill. Comp. Stat. 1036/65(a) (2002). Because relief is possible under section 1036/65(a) of the Trademark Registration and Protection Act, dismissal of Count V is improper.

Defendants' motions to dismiss the remaining counts of Allstate's complaint will remain pending in light of this Court's other determinations as outlined below.

*Venue*

Section 1391(b) provides that:

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, Allstate's action is founded on diversity of citizenship as well as federal question. Thus, § 1391(b) and *not* § 1391(a) governs proper venue.

Allstate argues that venue is proper under § 1391(b)(2) because a substantial part of the events giving rise to the action occurred in the Northern District of Illinois. The complaint alleges that the alleged fraudulent e-mails sent from Michigan passed through Allstate servers in Illinois en route to Washington and that delivery notifications were sent to Allstate's Chief Executive Officer

here in Illinois. These allegations are insufficient to establish that venue is proper in this district. All of the challenged conduct occurred in Michigan: the alleged e-mails were sent an e-mail address from Michigan and falsely designated as being from Liddy in Michigan. The passage of the allegedly fraudulent e-mails through Allstate's server in Illinois while en route to their final destinations is too tenuous a connection to constitute a substantial part of the events giving rise to the action occurred in the Northern District of Illinois.

Moreover, venue in this district is also improper under the other subsections of § 1391(b). None of the Defendants reside in Illinois. 28 U.S.C. § 1391(b)(1). Rather, Defendants reside in the Eastern District of Michigan. There is another judicial district in which this action may be brought. 28 U.S.C. § 1391(b)(3). Therefore, venue as to Mathison and AMS is improper in the Northern District of Illinois.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2002). This action could have been brought in the Eastern District of Michigan, where all Defendants reside. 28 U.S.C. § 1391(b). In the interest of justice, as is discussed in further detail below, this action is transferred to the Eastern District of Michigan.

*Transfer of Venue*

NAPAA moves to transfer venue to the Eastern District of Michigan because (1) all of alleged conduct occurred in the Eastern District of Michigan and (2) it does not have offices in the Northern District of Illinois while Allstate maintains offices in the Eastern District of Michigan. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). NAPAA bears the burden of showing that the Eastern District of Michigan is more convenient. *Moore v. AT&T Latin Am. Corp.*, 177 F. Supp. 2d 785, 789 (N.D. Ill. 2001). Venue will not be transferred if such transfer merely shifts the inconvenience from one party to the other. *Moore*, 177 F. Supp. at 789. Venue would have been proper in the Eastern District of Michigan because NAPAA resides in that district. 28 U.S.C. § 1391(b)(1).

This Court will transfer this case to the Eastern District of Michigan if so doing would be convenient for the parties or in the interest of justice. The Court will consider five factors:

> (1) the plaintiff's choice of forum; (2) the location of the material events; (3) the residence of the parties; (4) their ability to bear the expense of a trial in a particular forum; (5) the relative ease of access to sources of proof in each forum, including the court's power to compel appearances of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses.

*Moore*, 177 F. Supp. 2d at 789. "In ruling upon a motion to transfer under . . . § 1404(a), the Court may consider only undisputed facts presented to the Court by affidavit, deposition, stipulation or other relevant documents." *Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983).

Allstate chose the Northern District of Illinois as their forum and is a resident of Illinois. However, the material events, the sending of the alleged fraudulent e-mails, took place in Michigan; and NAPAA maintains its headquarters in Michigan. There is nothing to suggest Allstate is unable to bear the expense of suit in either forum. The second and fourth factors favor NAPAA.

With regard to the fifth factor, NAPAA, relying on the affidavit of Mathison, argues that Michigan is a more convenient forum because it will likely call the employees of AMS, residents of Michigan, as its primary witnesses and that a trial in Illinois would be prohibitively expensive.

Allstate argues that Illinois is the more convenient forum because it will "be required to call witnesses to establish ownership over its e-mail system, the chain of events leading up to the discovery of the false e-mails, receipt of the delivery notices, and out-of-pocket expenses and damages that resulted from the e-mails." (Allstate's Opp'n NAPAA's Mot. Dismiss at 4.) However, Allstate has not submitted any affidavits identifying these witnesses.

Convenience of the witnesses is one of the most important factors to be considered in determining whether to transfer venue. *Moore*, 177 F. Supp. 2d at 790 (quoting *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994)). Here, the fact that NAPAA's primary witnesses are located in the Eastern District of Michigan demonstrates that Michigan is the more convenient forum. It is in the interest of justice to transfer this action to the Eastern District of Michigan; and, therefore, NAPAA's motion to transfer venue is granted.

## CONCLUSION

For the reasons stated above, Count II of the complaint is dismissed. NAPAA's motion to transfer venue is granted. This action is hereby transferred to the Eastern District of Michigan.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: June 25, 2002